UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHARLES BOWLES,<br><br>Plaintiff,<br><br>v.<br><br>PPD, INC., DAVID SIMMONS, JOE BRESS, STEPEHN ENSLEY, MARIA TERESA HILADO, COLIN HILL, JEFFREY B. KINDLER, HUNTER PHILBRICK, ALLEN THORPE, and STEPHEN H. WISE,<br><br>Defendants. | ) | Case No. _______________<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on April 15, 2021 (the "Proposed Transaction"), pursuant to which PPD, Inc. ("PPD" or the "Company") will be acquired by Thermo Fisher Scientific, Inc. ("Parent") and Powder Acquisition Corp. ("Merger Sub," and together with Parent, "Thermo Fisher").

2. On April 15, 2021, PPD's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Thermo Fisher. Pursuant to the terms of the Merger Agreement, PPD's stockholders will receive $47.50 in cash for each share of PPD common stock they own.

3. On May 25, 2021, defendants filed an information statement (the "Information Statement") with the United States Securities and Exchange Commission (the "SEC").

4. The Information Statement omits material information with respect to the Proposed Transaction, which renders the Information Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Information Statement.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

**PARTIES**

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of PPD common stock.

9. Defendant PPD is a Delaware corporation and is a party to the Merger Agreement. PPD's common stock is traded on the NASDAQ, which is headquartered in New York, New York, under the ticker symbol "PPD."

10. Defendant David Simmons is Chief Executive Officer and Chairman of the Board of the Company.

11. Defendant Joes Bress is a director of the Company.

12. Defendant Stephen Ensley is a director of the Company.

13. Defendant Maria Teresa Hilado is a director of the Company.

14. Defendant Colin Hill is a director of the Company.

15. Defendant Jeffrey B. Kindler is a director of the Company.

16. Defendant Hunter Philbrick is a director of the Company.

17. Defendant Allen Thorpe is a director of the Company.

18. Defendant Stephen H. Wise is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

***Background of the Company and the Proposed Transaction***

20. PPD is a leading global clinical research organization providing broad, integrated drug development, laboratory, and lifecycle management services.

21. The Company's customers include pharmaceutical, biotechnology, medical device, academic, and government organizations.

22. On April 15, 2021, PPD's Board caused the Company to enter into the Merger Agreement with Thermo Fisher.

23. Pursuant to the terms of the Merger Agreement, PPD's stockholders will receive $47.50 in cash for each share of PPD common stock they own.

24. According to the press release announcing the Proposed Transaction:

> Thermo Fisher Scientific Inc. (NYSE: TMO) ("Thermo Fisher"), the world leader in serving science, and PPD, Inc. (Nasdaq: PPD) ("PPD"), a leading global provider of clinical research services to the pharma and biotech industry, today announced that their boards of directors have approved a definitive agreement under which Thermo Fisher will acquire PPD for $47.50 per share for a total cash purchase price of $17.4 billion plus the assumption of approximately $3.5 billion of net debt. This

> represents a premium of approximately 24% to the unaffected closing price of PPD's common stock on the Nasdaq as of Tuesday, April 13, 2021, or 32% to the 60-day VWAP inclusive of that date. . . .
>
> Approvals and Financing
>
> The transaction, which is expected to be completed by the end of 2021, is subject to the satisfaction of customary closing conditions, including the receipt of applicable regulatory approvals.
>
> In addition to board approval, shareholders holding in aggregate approximately 60% of the issued and outstanding shares of common stock of PPD have approved the transaction by written consent. No further action by other PPD shareholders is required to approve the transaction.
>
> Thermo Fisher has obtained committed bridge financing with respect to a portion of the purchase price. To fund the transaction, Thermo Fisher intends to use proceeds from debt financing and cash on hand.
>
> Advisors
>
> Barclays Capital, Inc. and Morgan Stanley & Co. LLC are serving as financial advisors to Thermo Fisher, and Cravath, Swaine & Moore LLP and Arnold & Porter Kaye Scholer LLP are serving as legal counsel. For PPD, J.P. Morgan Securities LLC is serving as exclusive financial advisor, while Simpson, Thacher & Bartlett LLP is serving as legal counsel.

***The Information Statement Omits Material Information***

25. Defendants filed the Information Statement with the SEC in connection with the Proposed Transaction.

26. As set forth below, the Information Statement omits material information with respect to the Proposed Transaction.

27. First, the Information Statement omits material information regarding the Company's financial projections.

28. The Information Statement fails to disclose, for each set of projections: (i) all line items used to calculate adjusted EBITDA pre-share and post-share based compensation, adjusted earnings per share, and unlevered free cash flow; and (ii) a reconciliation of all non-GAAP to

GAAP metrics.

29. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

30. Second, the Information Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, J.P. Morgan Securities LLC ("JPM").

31. With respect to JPM's Public Trading Multiples Analysis, the Information Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

32. With respect to JPM's Selected Transaction Analysis, the Information Statement fails to disclose the individual multiples and metrics for the transactions observed in the analysis.

33. With respect to JPM's Discounted Cash Flow Analysis, the Information Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the terminal values for the Company; (iii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates used in the analysis; (iv) the Company's debt and cash; and (v) the number of fully diluted Company shares outstanding.

34. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

35. Third, the Information Statement fails to disclose whether the Company entered into any non-disclosure agreements that contained don't ask, don't waive provisions.

36. The omission of the above-referenced material information renders the Information Statement false and misleading.

37. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and PPD

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39. The Individual Defendants disseminated the false and misleading Information Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. PPD is liable as the issuer of these statements.

40. The Information Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Information Statement.

41. The Individual Defendants were at least negligent in filing the Information Statement with these materially false and misleading statements.

42. The omissions and false and misleading statements in the Information Statement are material in that a reasonable stockholder will consider them important in deciding whether to approve the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Information Statement and in other information reasonably available to stockholders.

43. The Information Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

44. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

45. Because of the false and misleading statements in the Information Statement, plaintiff is threatened with irreparable harm.

**COUNT II**

**Claim for Violation of Section 20(a) of the 1934 Act Against the Individual Defendants**

46. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47. The Individual Defendants acted as controlling persons of PPD within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of PPD and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Information Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Information Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged

herein, and exercised the same. The Information Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Information Statement.

50. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

51. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Information Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: June 2, 2021

**RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com
Email: tjm@rl-legal.com
Email: gms@rl-legal.com
Email: vl@rl-legal.com

*Attorneys for Plaintiff*